1

2

3

4

~~SECRET~~

5

6  unsealed 3/13/08 per order
   ajc

7

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10  July 2007 Grand Jury **08 CR 0682 — JLS**

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | ) Criminal Case No. _____ |
| 12            Plaintiff, | ) |
| | ) I N D I C T M E N T |
| 13        v. | ) |
| | ) Title 18, U.S.C., Sec. 371; |
| 14 | ) Title 8, U.S.C., |
| MARISELA CASTRO-JUAREZ (1), | ) Sec. 1324(a)(2)(B)(ii) - |
| 15  MARISA MELENA MAFNAS (2), | ) Conspiracy to Bring in Illegal |
| DAVID MONTES (3), | ) Aliens for Financial Gain; |
| 16  JULIE HERNANDEZ (4), | ) Title 8, U.S.C., |
| RANDAL MARK PANTER (5), | ) Secs. 1324(a)(1)(A)(ii) and |
| 17  LORENZO PECORARO (6), | ) (v)(I) - Conspiracy to Transport |
| JOSE PARADA-VELAZQUEZ (7), | ) Illegal Aliens; Title 8, U.S.C., |
| 18  JOHN WALTER SCHUH (8), | ) Sec. 1324(a)(2)(B)(ii) - |
| | ) Bringing in Illegal Aliens for |
| 19            Defendants. | ) Financial Gain; Title 8, U.S.C., |
| | ) Sec. 1324(a)(1)(A)(ii) and |
| 20 | ) (v)(II) - Transportation of |
| | ) Illegal Aliens and Aiding and |
| 21 | ) Abetting; Title 18, U.S.C., |
| | ) Sec. 1957 - Engaging in Monetary |
| 22 | ) Transactions in Property Derived |
| | ) from Unlawful Activity; Title 18, |
| 23 | ) U.S.C., Sec. 1956(a)(1)(B)(ii) - |
| | ) Laundering of Monetary |
| 24 | ) Instruments; Title 18, U.S.C., |
| | ) Sec. 2 - Aiding and Abetting; |
| 25  _____ | ) Title 18, U.S.C., Sec. 982 - |
| | ) Criminal Forfeiture |

26  //

27  //

28  //

SFM:nlv(1):San Diego
3/7/08

1    The grand jury charges:

2                                Count 1

3        Beginning at a date unknown to the grand jury and continuing up

4    to and including August 1, 2007, within the Southern District of

5    California, and elsewhere, defendants MARISELA CASTRO-JUAREZ, MARISA

6    MELENA MAFNAS, DAVID MONTES, JULIE HERNANDEZ, RANDAL MARK PANTER,

7    LORENZO PECORARO, JOSE PARADA-VELAZQUEZ, and JOHN WALTER SCHUH, with

8    the intent to violate the immigration laws of the United States, did

9    knowingly and intentionally conspire together and with each other and

10   with other persons known and unknown to the grand jury, to commit

11   offenses against the United States, namely:

12                        OBJECTS OF THE CONSPIRACY

13       1.   To bring to the United States, aliens, knowing that the

14   persons were aliens, at a place other than a designated port of entry,

15   and at a place other than designated by the Commissioner of the

16   Immigration and Naturalization Service, with the intent to violate the

17   immigration laws of the United States, in violation of Title 8, United

18   States Code, Section 1324(a)(1)(A)(i).

19       2.   To bring illegal aliens into the United States for the

20   purpose of commercial advantage and private financial gain; in

21   violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

22       3.   To transport and move illegal aliens within the United

23   States, knowing that such aliens had come to, entered, and remained

24   in the United States in violation of law, and with the intent to

25   violate the immigration laws of the United States, in violation of

26   Title 8, United States Code, Section 1324(a)(1)(A)(ii).

27       4.   To conceal, harbor, and shield from detection, illegal

28   aliens, knowing that such aliens had come to, entered, and remained

1  in the United States in violation of law, and with the intent to
2  violate the immigration laws of the United States, in violation of
3  Title 8, United States Code, Section 1324(a)(1)(A)(iii).

<u>OVERT ACTS</u>

4
5      In furtherance of said conspiracy and to effect and accomplish
6  the objects thereof, the following overt acts, among others, were
7  committed within the Southern District of California, and elsewhere:

8      1.   On or about October 24, 2001, defendant MARISELA CASTRO-
9           JUAREZ drove a Saturn station wagon from Mexico into the
10          United States at the San Ysidro, California, Port of Entry
11          carrying an undocumented alien concealed in a modified
12          dashboard compartment.

13     2.   On or about June 13, 2002, defendant JOHN WALTER SCHUH
14          drove a Dodge Minivan that was registered to defendant
15          MARISA MELENA MAFNAS to an area approximately 9 miles east
16          of the Tecate, California, Port of Entry carrying eight
17          undocumented aliens concealed in the trunk.

18     3.   On or about March 20, 2002, defendant MARISELA CASTRO-
19          JUAREZ drove a Volkswagon Jetta on State Route 94 near
20          Potrero, California, and placed a phone call to Jeri
21          Stephenson (not charged herein) instructing Stephenson to
22          "just drive eastbound" in a 2002 Dodge Caravan that
23          contained four undocumented aliens.

24     4.   On or about January 9, 2004, defendant LORENZO PECORARO
25          rode as a passenger in a Ford Probe driven from Mexico into
26          the United States at the Otay Mesa, California, Port of
27          Entry carrying one undocumented alien concealed in a
28          modified dashboard compartment.

3

5. On or about March 25, 2004, defendant JOHN WALTER SCHUH drove a Dodge Avenger from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

6. On or about May 7, 2004, defendant LORENZO PECORARO drove a BMW 325 from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk of the vehicle.

7. On or about November 30, 2004, defendant MARISELA CASTRO-JUAREZ drove a blue Volvo from Mexico into the United States through the San Ysidro, California, Port of Entry, picked up Juan Apolinar-Juarez (charged elsewhere) and drove to a Burger King restaurant at the intersection of Dairy Mart Road and West San Ysidro Boulevard, where Apolinar-Juarez got out of the Volvo, walked over to a nearby hotel, and got into the passenger side of a white Pontiac occupied by Antolin Elias (charged elsewhere) and three undocumented aliens in the back seat.

8. On or about September 14, 2005, defendant MARISA MELENA MAFNAS drove a Mazda MX-6 from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

9. On or about September 16, 2005, Yesenia Garcia-Reyna (charged elsewhere) drove a Volkswagon Beetle from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens in the passenger compartment.

10.  On or about October 3, 2005, Yesenia Garcia-Reyna drove a Hyundai Elantra from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

11.  On or about October 5, 2005, Yesenia Garcia-Reyna drove a Hyundai 300CD from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

12.  On or about November 6, 2005, defendant JOHN WALTER SCHUH drove a Chevrolet Impala from Mexico into the United States at the San Ysidro, California, Port of Entry carrying four undocumented aliens concealed in the trunk.

13.  On or about November 6, 2005, defendant JULIE HERNANDEZ rode as a passenger in a Geo Metro driven from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

14.  On or about November 12, 2005, defendant JULIE HERNANDEZ drove a 1993 Chevrolet Geo from Mexico into the United States at the Otay Mesa, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

15.  On or about November 22, 2005, Yesenia Garcia-Reyna drove a Ford Escort from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

16.  On or about December 13, 2005, defendant JULIE HERNANDEZ drove a Mitsubishi Galant from Mexico into the United

States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

17.     On or about On January 5, 2006, Reynalda Gonzalez (charged elsewhere) drove and Amber Ann Varao (charged elsewhere) rode as a passenger in a Ford Aspire from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed under the driver's seat.

18.     On or about January 10, 2006, Wesley Dean Hardesty (charged elsewhere) drove and Amber Ann Varao rode as a passenger in a Geo Storm from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

19.     On or about January 17, 2006, Wesley Dean Hardesty drove a Chevrolet Cavalier from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in the side floorboard.

20.     On or about January 24, 2006, Wesley Dean Hardesty rode as a passenger along Highway 188 in a Hyundai Elantra that was registered to defendant JOSE PARADA-VELAZQUEZ, with a stated address of defendant MARISELA CASTRO-JUAREZ's home at 1514 Amador Street in Chula Vista, California, that contained two undocumented aliens in the passenger compartment.

21.     On or about January 31, 2006, Yesenia Garcia-Reyna drove and Lizbeth Flores (charged elsewhere) rode as a passenger in a Daewoo Lanos from Mexico into the United States at the

San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

22. On or about February 1, 2006, Wesley Dean Hardesty drove a Pontiac Grand Am from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

23. On or about March 6, 2006, defendant MARISELA CASTRO-JUAREZ rented a Dodge Caravan.

24. On or about March 12, 2006, defendant JOHN WALTER SCHUH drove a Jeep Liberty near the intersection of Thing Road and Humphries Road, California, with six undocumented aliens in the passenger compartment.

25. On or about March 21, 2006, defendant LORENZO PECORARO drove the Dodge Caravan that defendant MARISELA CASTRO-JUAREZ rented carrying five undocumented aliens in the passenger compartment.

26. On or about March 28, 2006, Ricardo Reyes (charged elsewhere) picked up two undocumented aliens at the McDonald's Restaurant, took them to his residence in San Diego, California, and contacted the aliens' sponsors, to arrange a meeting at the Denny's Restaurant in San Clemente, California, where the sponsors would pick up the aliens.

27. On or about March 29, 2006, Ricardo Reyes drove a Ford Explorer in tandem with a Infiniti J30 driven by Joshua Roman (charged elsewhere) toward the Interstate 5 Border Patrol Checkpoint in San Clemente, California.

7

28. On or about March 29, 2006, Ricardo Reyes drove the Ford Explorer to the rest area located at mile marker 59, and Joshua Roman drove the Infiniti through the San Clemente checkpoint with the two undocumented aliens in the back seat of the vehicle.

29. On or about March 29, 2006, Wesley Dean Hardesty drove a Ford Aspire to the Interstate 8 Border Patrol checkpoint carrying an undocumented alien concealed on the floorboard in the rear of the car.

30. On or about April 13, 2006, defendant RANDAL MARK PANTER drove an Infiniti G20T from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

31. On or about June 16, 2006, Yesenia Garcia-Reyna drove a Chrysler PT Cruiser to the State Route 94 Border Patrol checkpoint carrying two undocumented aliens concealed in the trunk and one undocumented alien concealed under a blanket.

32. On or about July 16, 2006, defendant RANDAL MARK PANTER drove and Wesley Dean Hardesty rode as a passenger in a Dodge Neon to the Old Highway 80 Border Patrol checkpoint near Pine Valley, California carrying two undocumented aliens concealed in the trunk and one undocumented alien concealed under a sign behind the rear seat.

33. On or about August 2, 2006, defendant MARISELA CASTRO-JUAREZ, drove a Nissan Altima to a meeting with defendant RANDAL MARK PANTER.

34. On or about August 2, 2006, defendant RANDAL MARK PANTER drove a rented Chrysler 300M to a "Kragen Auto Parts" store, returned home to his residence where he installed coil boosters on the suspension of the Chrysler 300M.

35. On or about August 2, 2006, defendant RANDAL MARK PANTER and Patricia Prohl (not charged herein) drove the rented Chrysler 300M to the Old Highway 80 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

36. On or about August 10, 2006, Yesenia Garcia-Reyna drove and Lizbeth Flores rode as a passenger in a Ford Escort to the State Route 94 Border Patrol checkpoint near Jamul, California carrying two undocumented aliens concealed in the passenger compartment.

37. On or about August 14, 2006, defendant RANDAL MARK PANTER drove defendant MARISELA CASTRO-JUAREZ's white Nissan Altima, along Old Highway 80, three undocumented aliens concealed in the trunk.

38. On or about September 24, 2006, Wesley Dean Hardesty drove a Dodge Stratus to the State Route 94 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

39. On or about October 25, 2006, defendant DAVID MONTES drove a Honda Accord to the Interstate 8 Border Patrol Checkpoint near Pine Valley, California, carrying two undocumented aliens concealed in the trunk.

40.  On or about January 25, 2007, Wesley Dean Hardesty drove a Toyota Camry to the State Route 94 Border Patrol Checkpoint carrying two undocumented aliens concealed in the trunk.

41.  On or about February 15, 2007, defendant JOSE PARADA-VELAZQUEZ exited his residence in Chula Vista, California, and drove a Honda Accord to a gas station, wiped down the trunk of the car, vacuumed the inside, and then drove to Melrose Avenue in Chula Vista.

42.  On or about February 15, 2007, defendant MARISELA CASTRO-JUAREZ drove and defendant RANDAL MARK PANTER rode as a passenger in a Toyota Sienna, rented by defendant MARISELA CASTRO-JUAREZ, to Melrose Avenue and stopped next to the Honda Accord occupied by defendant JOSE PARADA-VELAZQUEZ.

43.  On or about February 15, 2007, defendant JOSE PARADA-VELAZQUEZ exited the Honda Accord and delivered set of keys to defendant RANDAL MARK PANTER.

44.  On or about February 15, 2007, defendant MARISELA CASTRO-JUAREZ drove and defendant JOSE PARADA-VELAZQUEZ rode as a passenger in a Toyota Sienna away from the meeting at Melrose Avenue.

45.  On or about February 15, 2007, defendant RANDAL MARK PANTER drove the Honda Accord to the State Route 94 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

46.  On or about March 9, 2007, defendant DAVID MONTES drove and defendant MARISELA CASTRO-JUAREZ rode as a passenger in a Chrysler Sebring, that was rented by defendant MARISELA

1    CASTRO-JUAREZ, on East Palomar Street in Chula Vista,
2    California.

3    47.   On or about March 10, 2007, defendant DAVID MONTES drove
4          the Chrysler Sebring to the State Route 94 Border Patrol
5          Checkpoint near Dulzura, California, carrying two
6          undocumented aliens in the passenger compartment.

7    48.   On or about August 1, 2007, defendant JOHN WALTER SCHUH
8          drove a Chevy Malibu to the Interstate 8 United States
9          Border Patrol Checkpoint carrying two undocumented aliens
10         concealed in the trunk of the vehicle.

11   49.   On or about January 25, 2008, defendant MARISA MELENA
12         MAFNAS drove a Honda Accord to the Interstate 8 United
13         States Border Patrol Checkpoint carrying two undocumented
14         aliens concealed in the trunk of the vehicle.

15   All in violation of Title 18, United States Code, Section 371.

16                                Count 2

17       On or about January 9, 2004, within the Southern District of
18   California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO,
19   with the intent to violate the immigration laws of the United States,
20   knowing and in reckless disregard of the fact that an alien, namely,
21   Luisa Cortes-Matias, had not received prior official authorization to
22   come to, enter and reside in the United States, did bring to and
23   attempt to bring to the United States said alien for the purpose of
24   commercial advantage and private financial gain; in violation of
25   Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,
26   United States Code, Section 2.

27   //

28   //

1                           Count 3

2          On or about March 25, 2004, within the Southern District of

3    California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

4    with the intent to violate the immigration laws of the United States,

5    knowing and in reckless disregard of the fact that an alien, namely,

6    Arturo Ruiz-Davalos, had not received prior official authorization to

7    come to, enter and reside in the United States, did bring to and

8    attempt to bring to the United States said alien for the purpose of

9    commercial advantage and private financial gain; in violation of

10   Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

11   United States Code, Section 2.

12                          Count 4

13         On or about March 25, 2004, within the Southern District of

14   California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

15   with the intent to violate the immigration laws of the United States,

16   knowing and in reckless disregard of the fact that an alien, namely,

17   Rocio Lopez-Sevillo, had not received prior official authorization to

18   come to, enter and reside in the United States, did bring to and

19   attempt to bring to the United States said alien for the purpose of

20   commercial advantage and private financial gain; in violation of

21   Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

22   United States Code, Section 2.

23                          Count 5

24         On or about March 25, 2004, within the Southern District of

25   California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

26   with the intent to violate the immigration laws of the United States,

27   knowing and in reckless disregard of the fact that an alien, namely,

28   Cesar Torres-Perez, had not received prior official authorization to

1  come to, enter and reside in the United States, did bring to and

2  attempt to bring to the United States said alien for the purpose of

3  commercial advantage and private financial gain; in violation of

4  Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

5  United States Code, Section 2.

6                              Count 6

7      On or about May 7, 2004, within the Southern District of

8  California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO,

9  with the intent to violate the immigration laws of the United States,

10 knowing and in reckless disregard of the fact that an alien, namely,

11 Maria Salas-Carrillo, had not received prior official authorization

12 to come to, enter and reside in the United States, did bring to and

13 attempt to bring to the United States said alien for the purpose of

14 commercial advantage and private financial gain; in violation of

15 Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

16 United States Code, Section 2.

17                             Count 7

18     On or about May 7, 2004, within the Southern District of

19 California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO,

20 with the intent to violate the immigration laws of the United States,

21 knowing and in reckless disregard of the fact that an alien, namely,

22 Alicia Santiago, had not received prior official authorization to come

23 to, enter and reside in the United States, did bring to and attempt

24 to bring to the United States said alien for the purpose of commercial

25 advantage and private financial gain; in violation of Title 8, United

26 States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States

27 Code, Section 2.

28 //

                                13

Count 8

On or about May 7, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Eduardo Reyes, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 9

On or about September 14, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA MAFNAS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Carla Chavarin-Carmona, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 10

On or about September 16, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Marta Munoz-Josefina, had not received prior official authorization to come to,

1  enter and reside in the United States, did bring to and attempt to
2  bring to the United States said alien for the purpose of commercial
3  advantage and private financial gain; in violation of Title 8, United
4  States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States
5  Code, Section 2.

### Count 11

7     On or about October 3, 2005, within the Southern District of
8  California, defendant MARISELA CASTRO-JUAREZ, with the intent to
9  violate the immigration laws of the United States, knowing and in
10  reckless disregard of the fact that an alien, namely, Evangelina
11  Alfaro-Garcia, had not received prior official authorization to come
12  to, enter and reside in the United States, did bring to and attempt
13  to bring to the United States said alien for the purpose of commercial
14  advantage and private financial gain; in violation of Title 8, United
15  States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States
16  Code, Section 2.

### Count 12

18     On or about October 5, 2005, within the Southern District of
19  California, defendant MARISELA CASTRO-JUAREZ, with the intent to
20  violate the immigration laws of the United States, knowing and in
21  reckless disregard of the fact that an alien, namely, Maribel Rios-
22  Murrillo, had not received prior official authorization to come to,
23  enter and reside in the United States, did bring to and attempt to
24  bring to the United States said alien for the purpose of commercial
25  advantage and private financial gain; in violation of Title 8, United
26  States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States
27  Code, Section 2.
28  //

1

Count 13

2      On or about November 6, 2005, within the Southern District of
3  California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,
4  with the intent to violate the immigration laws of the United States,
5  knowing and in reckless disregard of the fact that an alien, namely,
6  Guillermina Contreras-Calderon, had not received prior official
7  authorization to come to, enter and reside in the United States, did
8  bring to and attempt to bring to the United States said alien for the
9  purpose of commercial advantage and private financial gain; in
10 violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii),
11 and Title 18, United States Code, Section 2.

12

Count 14

13     On or about November 6, 2005, within the Southern District of
14 California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,
15 with the intent to violate the immigration laws of the United States,
16 knowing and in reckless disregard of the fact that an alien, namely,
17 Dora Nely Beltran-Frias, had not received prior official authorization
18 to come to, enter and reside in the United States, did bring to and
19 attempt to bring to the United States said alien for the purpose of
20 commercial advantage and private financial gain; in violation of
21 Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,
22 United States Code, Section 2.

23

Count 15

24     On or about November 6, 2005, within the Southern District of
25 California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,
26 with the intent to violate the immigration laws of the United States,
27 knowing and in reckless disregard of the fact that an alien, namely,
28 Erika Vanessa Hernandez-Ramos, had not received prior official

16

1 authorization to come to, enter and reside in the United States, did

2 bring to and attempt to bring to the United States said alien for the

3 purpose of commercial advantage and private financial gain; in

4 violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii),

5 and Title 18, United States Code, Section 2.

6 Count 16

7     On or about November 6, 2005, within the Southern District of

8 California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

9 with the intent to violate the immigration laws of the United States,

10 knowing and in reckless disregard of the fact that an alien, namely,

11 Jesus Millan-Hernandez, had not received prior official authorization

12 to come to, enter and reside in the United States, did bring to and

13 attempt to bring to the United States said alien for the purpose of

14 commercial advantage and private financial gain; in violation of

15 Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

16 United States Code, Section 2.

17 Count 17

18     On or about November 6, 2005, within the Southern District of

19 California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ,

20 with the intent to violate the immigration laws of the United States,

21 knowing and in reckless disregard of the fact that an alien, namely,

22 Sergio Hernandez-Mares, had not received prior official authorization

23 to come to, enter and reside in the United States, did bring to and

24 attempt to bring to the United States said alien for the purpose of

25 commercial advantage and private financial gain; in violation of

26 Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

27 United States Code, Section 2.

28 //

Count 18

On or about November 12, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Rosalia Rodriguez-Rodriguez, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 19

On or about November 22, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Isabel Portillo-Aguilar, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 20

On or about December 13, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Francisco Zaragoza-Basulto, had not received prior official

1  authorization to come to, enter and reside in the United States, did

2  bring to and attempt to bring to the United States said alien for the

3  purpose of commercial advantage and private financial gain; in

4  violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii),

5  and Title 18, United States Code, Section 2.

6                              Count 21

7       On or about January 5, 2006, within the Southern District of

8  California, defendant MARISELA CASTRO-JUAREZ, with the intent to

9  violate the immigration laws of the United States, knowing and in

10 reckless disregard of the fact that an alien, namely, Jaime Lopez-

11 Hernandez, had not received prior official authorization to come to,

12 enter and reside in the United States, did bring to and attempt to

13 bring to the United States said alien for the purpose of commercial

14 advantage and private financial gain; in violation of Title 8, United

15 States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States

16 Code, Section 2.

17                             Count 22

18      On or about January 10, 2006, within the Southern District of

19 California, defendant MARISELA CASTRO-JUAREZ, with the intent to

20 violate the immigration laws of the United States, knowing and in

21 reckless disregard of the fact that an alien, namely, David Gonzalo

22 Noriegaj-Velazquez, had not received prior official authorization to

23 come to, enter and reside in the United States, did bring to and

24 attempt to bring to the United States said alien for the purpose of

25 commercial advantage and private financial gain; in violation of

26 Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

27 United States Code, Section 2.

28 //

Count 23

On or about January 17, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Maria Sandoval-Franco, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 24

On or about January 31, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Araceli Alonso-Andres, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 25

On or about February 1, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Artemio Hernandez-Hernandez, had not received prior official authorization to

1  come to, enter and reside in the United States, did bring to and

2  attempt to bring to the United States said alien for the purpose of

3  commercial advantage and private financial gain; in violation of

4  Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

5  United States Code, Section 2.

6                              Count 26

7       On or about March 12, 2006, within the Southern District of

8  California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

9  with the intent to violate the immigration laws of the United States,

10 knowing and in reckless disregard of the fact that an alien, namely,

11 Leticia Casillas Sasillas, had come to, entered and remained in the

12 United States in violation of law, did transport and move and attempt

13 to transport and move said alien within the United States in

14 furtherance of such violation of law; in violation of Title 8, United

15 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

16                              Count 27

17      On or about March 12, 2006, within the Southern District of

18 California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

19 with the intent to violate the immigration laws of the United States,

20 knowing and in reckless disregard of the fact that an alien, namely,

21 Diego Gonzalez-Rojas, had come to, entered and remained in the United

22 States in violation of law, did transport and move and attempt to

23 transport and move said alien within the United States in furtherance

24 of such violation of law; in violation of Title 8, United States Code,

25 Sections 1324(a)(1)(A)(ii) and (v)(II).

26 //

27 //

28 //

1

Count 28

2     On or about March 21, 2006, within the Southern District of
3 California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO,
4 with the intent to violate the immigration laws of the United States,
5 knowing and in reckless disregard of the fact that an alien, namely,
6 Arecelia Barroso-Duran, had come to, entered and remained in the
7 United States in violation of law, did transport and move and attempt
8 to transport and move said alien within the United States in
9 furtherance of such violation of law; in violation of Title 8, United
10 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

11

Count 29

12     On or about March 21, 2006, within the Southern District of
13 California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO,
14 with the intent to violate the immigration laws of the United States,
15 knowing and in reckless disregard of the fact that an alien, namely,
16 Elena Flores-Cruz, had come to, entered and remained in the United
17 States in violation of law, did transport and move and attempt to
18 transport and move said alien within the United States in furtherance
19 of such violation of law; in violation of Title 8, United States Code,
20 Sections 1324(a)(1)(A)(ii) and (v)(II).

21

Count 30

22     On or about April 13, 2006, within the Southern District of
23 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,
24 with the intent to violate the immigration laws of the United States,
25 knowing and in reckless disregard of the fact that an alien, namely,
26 Manuel Cruz-Cruz, had not received prior official authorization to
27 come to, enter and reside in the United States, did bring to and
28 attempt to bring to the United States said alien for the purpose of

22

1  commercial advantage and private financial gain; in violation of

2  Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

3  United States Code, Section 2.

4                              Count 31

5      On or about April 13, 2006, within the Southern District of

6  California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

7  with the intent to violate the immigration laws of the United States,

8  knowing and in reckless disregard of the fact that an alien, namely,

9  Gabriel Zapata-Cruz, had not received prior official authorization to

10  come to, enter and reside in the United States, did bring to and

11  attempt to bring to the United States said alien for the purpose of

12  commercial advantage and private financial gain; in violation of

13  Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

14  United States Code, Section 2.

15                              Count 32

16      On or about April 13, 2006, within the Southern District of

17  California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

18  with the intent to violate the immigration laws of the United States,

19  knowing and in reckless disregard of the fact that an alien, namely,

20  Marcial Santiago-Cruz, had not received prior official authorization

21  to come to, enter and reside in the United States, did bring to and

22  attempt to bring to the United States said alien for the purpose of

23  commercial advantage and private financial gain; in violation of

24  Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18,

25  United States Code, Section 2.

26  //

27  //

28  //

1

### Count 33

2    On or about July 16, 2006, within the Southern District of

3 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

4 with the intent to violate the immigration laws of the United States,

5 knowing and in reckless disregard of the fact that an alien, namely,

6 Jaime Almanza-Tinoco, had come to, entered and remained in the United

7 States in violation of law, did transport and move and attempt to

8 transport and move said alien within the United States in furtherance

9 of such violation of law; in violation of Title 8, United States Code,

10 Sections 1324(a)(1)(A)(ii) and (v)(II).

11

### Count 34

12    On or about July 16, 2006, within the Southern District of

13 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

14 with the intent to violate the immigration laws of the United States,

15 knowing and in reckless disregard of the fact that an alien, namely,

16 Sergio Aurelio Aguirre-Tinoco, had come to, entered and remained in

17 the United States in violation of law, did transport and move and

18 attempt to transport and move said alien within the United States in

19 furtherance of such violation of law; in violation of Title 8, United

20 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

21

### Count 35

22    On or about July 16, 2006, within the Southern District of

23 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

24 with the intent to violate the immigration laws of the United States,

25 knowing and in reckless disregard of the fact that an alien, namely,

26 Juan Sanchez-Cortez, had come to, entered and remained in the United

27 States in violation of law, did transport and move and attempt to

28 transport and move said alien within the United States in furtherance

1  of such violation of law; in violation of Title 8, United States Code,

2  Sections 1324(a)(1)(A)(ii) and (v)(II).

3  Count 36

4  On or about August 2, 2006, within the Southern District of

5  California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

6  with the intent to violate the immigration laws of the United States,

7  knowing and in reckless disregard of the fact that an alien, namely,

8  Lorenzo Castillo-Mendez, had come to, entered and remained in the

9  United States in violation of law, did transport and move and attempt

10 to transport and move said alien within the United States in

11 furtherance of such violation of law; in violation of Title 8, United

12 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

13 Count 37

14 On or about August 2, 2006, within the Southern District of

15 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

16 with the intent to violate the immigration laws of the United States,

17 knowing and in reckless disregard of the fact that an alien, namely,

18 Alfredo Herrera-Hernandez, had come to, entered and remained in the

19 United States in violation of law, did transport and move and attempt

20 to transport and move said alien within the United States in

21 furtherance of such violation of law; in violation of Title 8, United

22 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

23 Count 38

24 On or about August 2, 2006, within the Southern District of

25 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,

26 with the intent to violate the immigration laws of the United States,

27 knowing and in reckless disregard of the fact that an alien, namely,

28 Martin Castillo-Mendez, had come to, entered and remained in the

1  United States in violation of law, did transport and move and attempt
2  to transport and move said alien within the United States in
3  furtherance of such violation of law; in violation of Title 8, United
4  States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

5                              Count 39

6      On or about August 14, 2006, within the Southern District of
7  California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,
8  with the intent to violate the immigration laws of the United States,
9  knowing and in reckless disregard of the fact that an alien, namely,
10 Yesica Villa-Garcia, had come to, entered and remained in the United
11 States in violation of law, did transport and move and attempt to
12 transport and move said alien within the United States in furtherance
13 of such violation of law; in violation of Title 8, United States Code,
14 Sections 1324(a)(1)(A)(ii) and (v)(II).

15                             Count 40

16     On or about August 14, 2006, within the Southern District of
17 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,
18 with the intent to violate the immigration laws of the United States,
19 knowing and in reckless disregard of the fact that an alien, namely,
20 Daniel Mentencur-Alvarado, had come to, entered and remained in the
21 United States in violation of law, did transport and move and attempt
22 to transport and move said alien within the United States in
23 furtherance of such violation of law; in violation of Title 8, United
24 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

25                             Count 41

26     On or about August 14, 2006, within the Southern District of
27 California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER,
28 with the intent to violate the immigration laws of the United States,

1  knowing and in reckless disregard of the fact that an alien, namely,

2  Vicente Villa-Marin, had come to, entered and remained in the United

3  States in violation of law, did transport and move and attempt to

4  transport and move said alien within the United States in furtherance

5  of such violation of law; in violation of Title 8, United States Code,

6  Sections 1324(a)(1)(A)(ii) and (v)(II).

7                              Count 42

8       On or about October 25, 2006, within the Southern District of

9  California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with

10 the intent to violate the immigration laws of the United States,

11 knowing and in reckless disregard of the fact that an alien, namely,

12 Jesus Bravo-Rascon, had come to, entered and remained in the United

13 States in violation of law, did transport and move and attempt to

14 transport and move said alien within the United States in furtherance

15 of such violation of law; in violation of Title 8, United States Code,

16 Sections 1324(a)(1)(A)(ii) and (v)(II).

17                             Count 43

18      On or about October 25, 2006, within the Southern District of

19 California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with

20 the intent to violate the immigration laws of the United States,

21 knowing and in reckless disregard of the fact that an alien, namely,

22 Eric Arnoldo Meza-Rodriguez, had come to, entered and remained in the

23 United States in violation of law, did transport and move and attempt

24 to transport and move said alien within the United States in

25 furtherance of such violation of law; in violation of Title 8, United

26 States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

27 //

28 //

1

Count 44

2   On or about February 15, 2007, within the Southern District of
3 California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and
4 JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws
5 of the United States, knowing and in reckless disregard of the fact
6 that an alien, namely, Jorge Hernandez-Benitez, had come to, entered
7 and remained in the United States in violation of law, did transport
8 and move and attempt to transport and move said alien within the
9 United States in furtherance of such violation of law; in violation
10 of Title 8, United States Code, Sections 1324(a)(1)(A)(ii)
11 and (v)(II).

12

Count 45

13   On or about February 15, 2007, within the Southern District of
14 California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and
15 JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws
16 of the United States, knowing and in reckless disregard of the fact
17 that an alien, namely, Maria Oseguera-Oseguera, had come to, entered
18 and remained in the United States in violation of law, did transport
19 and move and attempt to transport and move said alien within the
20 United States in furtherance of such violation of law; in violation
21 of Title 8, United States Code, Sections 1324(a)(1)(A)(ii)
22 and (v)(II).

23

Count 46

24   On or about February 15, 2007, within the Southern District of
25 California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and
26 JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws
27 of the United States, knowing and in reckless disregard of the fact
28 that an alien, namely, Juli Montes-Garcia, had come to, entered and

1  remained in the United States in violation of law, did transport and

2  move and attempt to transport and move said alien within the United

3  States in furtherance of such violation of law; in violation of

4  Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

5                              Count 47

6      On or about March 10, 2007, within the Southern District of

7  California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with

8  the intent to violate the immigration laws of the United States,

9  knowing and in reckless disregard of the fact that an alien, namely,

10 Leonardo Perez-Cortez, had come to, entered and remained in the United

11 States in violation of law, did transport and move and attempt to

12 transport and move said alien within the United States in furtherance

13 of such violation of law; in violation of Title 8, United States Code,

14 Sections 1324(a)(1)(A)(ii) and (v)(II).

15                             Count 48

16     On or about March 10, 2007, within the Southern District of

17 California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with

18 the intent to violate the immigration laws of the United States,

19 knowing and in reckless disregard of the fact that an alien, namely,

20 Erendia Lopez-Cruz, had come to, entered and remained in the United

21 States in violation of law, did transport and move and attempt to

22 transport and move said alien within the United States in furtherance

23 of such violation of law; in violation of Title 8, United States Code,

24 Sections 1324(a)(1)(A)(ii) and (v)(II).

25                             Count 49

26     On or about August 1, 2007, within the Southern District of

27 California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH,

28 with the intent to violate the immigration laws of the United States,

knowing and in reckless disregard of the fact that an alien, namely, Elizabeth Zamora-Perez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

### Count 50

On or about August 1, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Pedro Ruiz-Silva, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

### Count 51

On or about January 25, 2008 within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA MAFNAS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Teresa Hernandez Samano, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

//

//

1

<u>Count 52</u>

2    On or about January 25, 2008 within the Southern District of

3  California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA

4  MAFNAS, with the intent to violate the immigration laws of the United

5  States, knowing and in reckless disregard of the fact that an alien,

6  namely, Jose Hernandez Samano, had come to, entered and remained in

7  the United States in violation of law, did transport and move and

8  attempt to transport and move said alien within the United States in

9  furtherance of such violation of law; in violation of Title 8, United

10  States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

11

<u>Count 53</u>

12

(Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)

13

14    On or about August 28, 2003, within the Southern District of

15  California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

16  attempt to engage in a monetary transaction by, through, or to a

17  financial institution, affecting interstate and foreign commerce, in

18  criminally derived property of a value greater than $10,000, that is

19  the deposit of funds in the amount of a $44,300 cashier's check number

20  2015371513, payable to defendant MARISELA CASTRO-JUAREZ, into Bank of

21  America account no. xxxxxx7755, such property having been derived from

22  a specified unlawful activity, that is a violation of Title 8, United

23  States Code, Section 1324(a) (bringing in, transporting, or harboring

24  illegal aliens, or conspiracy to commit such offense); in violation

25  of Title 18, United States Code, Section 1957, and Section 2.

26  //

27  //

28  //

1

Count 54

2

(Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)

3

4        On or about January 16, 2004, within the Southern District of

5    California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

6    attempt to engage in a monetary transaction by, through, or to a

7    financial institution, affecting interstate and foreign commerce, in

8    criminally derived property of a value greater than $10,000, that is

9    the transfer of funds in the amount of a $49,336.75 from Bank of

10   America account no. xxxxxx7755, to Bank of America Certificate of

11   Deposit account no. xxxxxx1738, such property having been derived from

12   a specified unlawful activity, that is a violation of Title 8, United

13   States Code, Section 1324(a) (bringing in, transporting, or harboring

14   illegal aliens, or conspiracy to commit such offense); in violation

15   of Title 18, United States Code, Section 1957, and Section 2.

16

Count 55

17

(Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)

18

19       On or about May 20, 2004, within the Southern District of

20   California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

21   attempt to engage in a monetary transaction by, through, or to a

22   financial institution, affecting interstate and foreign commerce, in

23   criminally derived property of a value greater than $10,000, that is

24   the transfer of funds in the amount of $100,000 from Bank of America

25   Certificate of Deposit account no. xxxxxx1738 to Bank of America

26   cashier's check number 2017177949, payable to McMillin Escrow, such

27   property having been derived from a specified unlawful activity, that

28   is a violation of Title 8, United States Code, Section 1324(a)

32

1  (bringing in, transporting, or harboring illegal aliens, or conspiracy

2  to commit such offense); in violation of Title 18, United States Code,

3  Section 1957, and Section 2.

4  Count 56

5  (Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)

6

7      On or about May 20, 2004, within the Southern District of

8  California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

9  attempt to engage in a monetary transaction by, through, or to a

10 financial institution, affecting interstate and foreign commerce, in

11 criminally derived property of a value greater than $10,000, that is

12 the payment of a $20,000 Bank of America cashier's check

13 number 2017177948 to McMillin Escrow, such property having been

14 derived from a specified unlawful activity, that is a violation of

15 Title 8, United States Code, Section 1324(a) (bringing in,

16 transporting, or harboring illegal aliens, or conspiracy to commit

17 such offense); in violation of Title 18, United States Code,

18 Section 1957, and Section 2.

19 Count 57

20 (Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity)

21

22     On or about July 19, 2004, within the Southern District of

23 California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

24 attempt to engage in a monetary transaction by, through, or to a

25 financial institution, affecting interstate and foreign commerce, in

26 criminally derived property of a value greater than $10,000, that is

27 the deposit of funds in the amount of $16,000 into Bank of America

28 account no. xxxxxx7755, such property having been derived from a

1  specified unlawful activity, that is a violation of Title 8, United

2  States Code, Section 1324(a) (bringing in, transporting, or harboring

3  illegal aliens, or conspiracy to commit such offense); in violation

4  of Title 18, United States Code, Section 1957, and Section 2.

5                                Count 58

6              (Engaging in Monetary Transactions in Property
               Derived from Specified Unlawful Activity)

7

8      On or about July 12, 2006, within the Southern District of

9  California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and

10 attempt to engage in a monetary transaction by, through, or to a

11 financial institution, affecting interstate and foreign commerce, in

12 criminally derived property of a value greater than $10,000, that is

13 the withdrawal of funds in the amount of $10,500 from Bank of America

14 account no. xxxxxx7755, such property having been derived from a

15 specified unlawful activity, that is a violation of Title 8, United

16 States Code, Section 1324(a) (bringing in, transporting, or harboring

17 illegal aliens, or conspiracy to commit such offense); in violation

18 of Title 18, United States Code, Section 1957, and Section 2.

19                              Counts 59-77

20                 (Laundering of Monetary Instruments)

21     On or about the dates listed in the chart below, within the

22 Southern District of California, defendant MARISELA CASTRO-JUAREZ, did

23 knowingly conduct and attempt to conduct the financial transactions

24 listed in the chart below, affecting interstate and foreign commerce,

25 which involved the proceeds of a specified unlawful activity, that is

26 a violation of Title 8, United States Code, Section 1324(a) (bringing

27 in, transporting, or harboring illegal aliens, or conspiracy to commit

28 such offense), knowing that the transaction was designed in whole and

                                  34

in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is funds in the amounts listed in the chart below, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 59 | 5/21/2003 | Deposit of $9,950 cash into Bank of America account no. xxxxxx7755. |
| 60 | 9/23/2003 | Withdrawal of $5,000 cash from Bank of America account no. xxxxxx7755. |
| 61 | 9/24/2003 | Withdrawal of $9,000 cash from Bank of America account no. xxxxxx7755. |
| 62 | 11/24/2003 | Withdrawal of $9,500 cash from Bank of America account no. xxxxxx7755. |
| 63 | 3/15/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 64 | 4/7/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 65 | 7/30/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 66 | 1/13/2005 | Deposit of $9,000 cash into Bank of America account no. xxxxxx7755. |
| 67 | 1/18/2005 | Deposit of $1,900 cash into Bank of America account no. xxxxxx7755. |
| 68 | 2/14/2005 | Deposit of $9,950 cash into Bank of America account no. xxxxxx7755. |
| 69 | 2/24/2005 | Deposit of $4,000 cash into Bank of America account no. xxxxxx7755. |
| 70 | 11/3/2005 | Deposit of $4,500 cash into Bank of America account no. xxxxxx7755. |
| 71 | 11/7/2005 | Deposit of $6,500 cash into Bank of America account no. xxxxxx7755. |
| 72 | 11/29/2005 | Deposit of $7,500 cash into Bank of America account no. xxxxxx7755. |

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 73 | 11/29/2005 | Deposit of $6,700 cash into Bank of America account no. xxxxxx7755. |
| 74 | 12/8/2005 | Deposit of $9,300 cash into Bank of America account no. xxxxxx7755. |
| 75 | 12/12/2005 | Deposit of $2,000 cash into Bank of America account no. xxxxxx7755. |
| 76 | 2/21/2006 | Deposit of $5,500 cash into Bank of America account no. xxxxxx7755. |
| 77 | 2/28/2006 | Deposit of $4,500 cash into Bank of America account no. xxxxxx7755. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii), and Section 2.

FORFEITURE ALLEGATIONS

1.    The allegations contained in Counts 1 through 52 of this Indictment are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(6).

2.    Upon conviction of one or more of the offenses alleged in Counts 1 through 52, which involve violations of Title 8, United States Code, Section 1324(a), and pursuant to Title 18, United States Code, Section 982(a)(6), defendants MARISELA CASTRO-JUAREZ; DAVID MONTES; JULIE HERNANDEZ; RANDAL MARK PANTER; MARISA MELENA MAFNAS; LORENZO PECORARO; JOSE PARADA-VELAZQUEZ; and JOHN WALTER SCHUH, shall forfeit to the United States all their rights, title and interest in the following: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendant is convicted; (b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or

36

1 indirectly from the commission of the offense of which the defendant

2 is convicted; and (c) any property real or personal, that is used to

3 facilitate, and is intended to be used to facilitate, the commission

4 of the offense of which the defendant is convicted; this property

5 includes but is not limited to the following:

6       a.   A sum of money equal to, but not limited to, at least

7            $598,775.00 in United States currency, representing

8            the amount of proceeds obtained as a result of the

9            violation of Title 8, United States Code,

10            Section 1324(a), for which defendants MARISELA CASTRO-

11            JUAREZ; DAVID MONTES; JULIE HERNANDEZ; RANDAL MARK

12            PANTER; MARISA MELENA MAFNAS; LORENZO PECORARO; JOSE

13            PARADA-VELAZQUEZ; and JOHN WALTER SCHUH are jointly

14            and severally liable.

15       b.   All that lot of parcel of land, together with its

16            buildings, appurtenances, improvements, fixtures,

17            attachments, and easements, located at 1514 Amador

18            Street, Chula Vista, California, more particularly

19            described as:

20               **Lot 41 of Chula Vista Tract No. 96-04, Otay Ranch**

21               **Village 1 Neighborhood R-8, according to map**

22               **thereof no. 13761, filed in the Office of the**

23               **County Recorder of San Diego County on April 16,**

24               **1999 as instrument no. 99-257169 of official**

25               **records.**

26    3   The allegations contained in Counts 53 through 77 are

27 realleged and by reference fully incorporated herein for the purpose

28 of alleging forfeiture to the United States of America.

37

1      4.    Upon  conviction  of  the  offenses  alleged  in  Counts  53

2  through  77,  defendant  MARISELA  CASTRO-JUAREZ  shall  forfeit  to  the

3  United  States  all  property,  real  and  personal,  involved  in  said

4  offense  and  all  property  traceable  to  such  property,  including  but  not

5  limited  to,    5.    If  any  of  the  forfeitable  property  described  above

6  in  Paragraphs  2  and  4, as  a  result of  any  act  or  omission  of  the

7  defendant -

8              (a)   cannot  be  located  upon  the  exercise  of  due  diligence;

9              (b)   has  been  transferred  or  sold  to,  or  deposited  with,  a

10                    third  party;

11              (c)   has  been  placed  beyond  the  jurisdiction  of  the  Court;

12              (d)   has  been  substantially  diminished  in  value;  or

13              (e)   has  been  commingled  with  other  property  which  cannot

14                    be  subdivided  without  difficulty;

15  it  is  the  intent  of  the  United  States,  pursuant  to  Title  18,  United

16  States  Code,  Section  982(b),  and  Title  21,  United  States  Code,

17  Section  853(p), to  seek  forfeiture  of  any  other  property  of  the

18  defendant  up  to  the  value  of  the  forfeitable  property  described  above

19  in  Paragraph  2.

20  All  pursuant  to  Title  18,  United  States  Code,  Section  982(a).

21      DATED:  March  7,  2008.

22                                              A  TRUE  BILL:

23

24                                              _____
                                                Foreperson

25  KAREN  P.  HEWITT
    United  States  Attorney
26

27  By: _____
        STEVE  MILLER
28      Assistant  U.S.  Attorney

38